UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DOLORES GAY, individually and on behalf of all
others similarly situated,

                              Plaintiff,          **OPINION & ORDER**

     - against -                           No. 25-CV-2326 (CS)

WALMART INC.,

                              Defendant.
-------------------------------------------------------------x

Appearances:

Spencer Sheehan
Sheehan & Associates, P.C.
Great Neck, New York
*Counsel for Plaintiff*

August T. Horvath
Mital B. Patel
Foley Hoag LLP
New York, New York
*Counsel for Defendant*

Seibel, J.

     Before the Court is Plaintiff's motion to remand.  (ECF No. 5.)  For the following reasons, the motion is GRANTED.

**I.    BACKGROUND**

    **A.    Facts**

     The following facts are drawn from the Complaint, (ECF No. 1-1 ("Compl.")), and the notice of removal, (ECF No. 1 ("NOR")).  *See Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010); *Pondexter v. Oruzio*, No. 15-CV-5617, 2017 WL 1079974, at *1 (E.D.N.Y. Mar. 21, 2017); *Enters. v. Allen*, No. 15-CV-6675, 2016 WL 3512176, at *1 (E.D.N.Y. June 22, 2016).

Plaintiff Dolores Gay is a citizen of New York.  (NOR ¶ 9; Compl. ¶ 68.)  Defendant Walmart Inc. is a Delaware corporation with a principal place of business in Arkansas.  (NOR ¶ 9; Compl. ¶ 69.)  Defendant manufactures, labels, markets, packages, distributes, and/or sells "Macaroni & Cheese Original Microwavable Cups" under its Great Value brand (the "Product").  (Compl. ¶ 17.)  The Product is labeled as having "No artificial flavors" and is promoted as being "Made With Real Cheddar Cheese," but the ingredients list on the back of the Product's packaging reveals that cheddar cheese is the fourth ingredient in the cheese seasoning, following whey, maltodextrin, and palm oil.  (*Id.* ¶¶ 17, 19.)  The Product is sold at approximately $3.45 for four 2.05-ounce bowls.  (*Id.* ¶ 59.)

Plaintiff alleges that she purchased the Product between October 2021 and October 2024 under the belief that real cheddar cheese was the Product's exclusive or predominant non-macaroni ingredient.  (*Id.* ¶¶ 90-91.)  She alleges that she paid more for the Product than she would have had she known that real cheddar cheese was not "present in a relatively significant amount, compared to non-cheese ingredients."  (*Id.* ¶ 92.)

B.     **Procedural History**

On November 11, 2024, Plaintiff commenced this action in the New York State Supreme Court, County of Westchester, on behalf of herself and a proposed class of "[a]ll persons in New York who purchased the Product in New York during the statute[] of limitations for each cause of action alleged," asserting claims under New York General Business Law ("GBL") Sections 349 and 350 based on the Product's allegedly misleading label.  (Compl. ¶¶ 95, 105-21.)  Plaintiff seeks damages equal to the difference between what she and the proposed class members paid for the Product and what they would have paid absent the allegedly misleading statements.  (*Id.* ¶¶ 118-21.)  Plaintiff also seeks costs and expenses, including reasonable fees

2

for attorneys and experts.  (*Id.* at 25.)  On March 20, 2025, Defendant removed the action to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  The instant motion followed.

## II.     LEGAL STANDARD

A defendant may remove an action filed in state court if "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  CAFA confers original federal jurisdiction over "any class action involving (1) 100 or more class members, (2) an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs, and (3) minimal diversity, *i.e.,* where at least one plaintiff and one defendant are citizens of different states." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006) (citing 28 U.S.C. § 1332(d)(2), (5)(b), (6)).[1]  "In CAFA cases, the defendant bears the burden of establishing federal subject matter jurisdiction."  *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 142 (2d Cir. 2014); *see Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 327 (2d Cir. 2011) ("A party seeking removal bears the burden of showing that federal jurisdiction is proper.").

"To satisfy CAFA's amount-in-controversy requirement, a removing defendant 'must show that it appears to a reasonable probability that the aggregate claims of the plaintiff class are in excess of $5 million.'"  *Smith v. Manhattan Club Timeshare Ass'n, Inc.*, 944 F. Supp. 2d 244, 250 (S.D.N.Y. 2013) (quoting *Blockbuster*, 472 F.3d at 58).  "In satisfying the reasonable probability burden, there is a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy."  *Melendez v. R.W. Garcia Co. Inc.*, No. 24-CV-9500, 2025 WL 1220903, at *2 (S.D.N.Y. Apr. 28, 2025).  "To overcome the face-of-the

---

[1] Unless otherwise indicated, case quotations omit internal citations, quotation marks, footnotes and alterations.

complaint presumption, the party opposing jurisdiction must show to a legal certainty that the amount recoverable does not meet the jurisdictional threshold." *Shulman v. Chaitman LLP*, 392 F. Supp. 3d 340, 354 (S.D.N.Y. 2019).

"When the complaint fails to allege a specific damages amount, and facts relating to the jurisdictional amount are challenged by the plaintiff, the defendant must establish the requisite amount in controversy 'with competent proof and justify its allegations by a preponderance of evidence.'" *Smith*, 944 F. Supp. 2d at 251 (quoting *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994)). "In determining whether the removing defendant has met this burden, courts look first to the plaintiff['s] complaint and then to the defendant's petition for removal." *Henry v. Warner Music Grp. Corp.*, No. 13-CV-5031, 2014 WL 1224575, at *3 (S.D.N.Y. Mar. 24, 2014); *see Blockbuster*, 472 F.3d at 56-57 ("We generally evaluate jurisdictional facts, such as the amount in controversy, on the basis of the pleadings, viewed at the time when defendant files the notice of removal."). "[W]here the pleadings are inconclusive, courts may look to other evidence in the record." *Ramirez v. Oscar De La Renta, LLC*, No. 16-CV-7855, 2017 WL 2062960, at *4 (S.D.N.Y. May 12, 2017).

### III.  DISCUSSION

Defendant maintains that removal is proper under CAFA because the aggregate amount in controversy exceeds $5 million. (*See generally* ECF No. 12 ("D's Opp.").) Specifically, Defendant argues that GBL Sections 349 and 350 provide for the recovery of statutory damages which, when aggregated, exceed the jurisdictional amount. (*See id.* at 2, 4-9; NOR ¶¶ 10-15.) Defendant also contends that "Plaintiff's request for attorneys' fees and expert fees further increase the amount in controversy." (NOR ¶ 16.) Plaintiff argues that Defendant cannot show

4

that the jurisdictional amount is satisfied because New York law prohibits plaintiffs from seeking statutory damages in a class action and the other damages Plaintiff seeks do not exceed $5 million.  (*See generally* ECF No. 6 ("P's Mem.").)

### A. <u>Statutory Damages</u>

"New York law imposes a $50 minimum statutory damages award for violations of GBL section 349 and a $500 statutory minimum damages award for GBL section 350 violations." *Melendez*, 2025 WL 1220903, at *5.  Defendant asserts that, because it sold more than 100,000 units of the Product during the statute of limitations period, the statutory damages here would amount to well over $5 million for the entire class.  (NOR ¶ 15.)  Plaintiff responds that New York Civil Practice Law & Rules ("CPLR") Section 901(b) bars plaintiffs from seeking statutory damages in a class action and therefore the Court should not consider statutory damages in calculating the amount in controversy.  (*See* P's Mem. at 5-10.)  I agree with Plaintiff.

Courts "generally evaluate jurisdictional facts, such as the amount in controversy, on the basis of the pleadings, viewed at the time when defendant files the notice of removal." *Blockbuster*, 472 F.3d at 56-57; *see Wurtz v. Rawlings Co., LLC*, 761 F.3d 232, 239 (2d Cir. 2014).  "[I]t follows that the amount in controversy should be assessed at the time of removal, under state law."  *Melendez*, 2025 WL 1220903, at *6; *see Ortiz v. Eagle Fam. Foods Grp. LLC*, No. 24-CV-9861, 2025 WL 951089, at *3 (S.D.N.Y. Mar. 28, 2025) (collecting cases); *see also Webb v. Fin. Indus. Regul. Auth., Inc.*, 889 F.3d 853, 859 n.4 (7th Cir. 2018) ("The court first decides whether, assuming the facts the plaintiff alleges are true, state law allows recovery of the damages the plaintiff seeks.  If state law forecloses recovery of the damages, it is certain that the claim is for less than the jurisdictional amount."); *McGuire v. State Farm Fire & Cas. Co.*, 108 F. Supp. 3d 680, 684 (D. Minn. 2015) ("In considering whether the amounts and claims alleged

5

satisfy the required amount in controversy, the court looks to state law to determine the nature and extent of the right to be enforced as well as the state measure of damages and the availability of special and punitive damages."); *Talison v. Allstate Prop. & Cas. Ins. Co.*, No. 12-14215, 2013 WL 12180824, at *1 (E.D. Mich. Aug. 7, 2013) ("State law governs the measure of the amount in controversy."). "In calculating the amount in controversy on a motion to remand, courts in this Circuit exclude damages that a plaintiff could not have sought in their state court action." *Melendez*, 2025 WL 1220903, at *6; *see Ortiz*, 2025 WL 951089, at *3 (collecting cases).

CPLR § 901(b) provides that "[u]nless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action." N.Y. C.P.L.R. § 901(b). GBL §§ 349 and 350 do not contain such authorizing language, so a plaintiff cannot maintain a class action that seeks to recover statutory damages in New York state court. *See Ortiz*, 2025 WL 951089, at *3. Because Plaintiff would have been unable to recover statutory damages in the class action she filed in New York state court, the Court must exclude statutory damages from its calculation of the amount in controversy. *See Melendez*, 2025 WL 1220903, at *6 (excluding statutory damages under GBL §§ 349 and 350 from amount in controversy in case removed under CAFA); *see Ortiz*, 2025 WL 951089, at *3 (same).

Indeed, Plaintiff's Complaint does not seek statutory damages "because, had it done so, she would have been unable to maintain a state-court class action pursuant to [CPLR] § 901(b)." *Ramirez*, 2017 WL 2062960, at *6. Because a plaintiff can waive statutory damages to proceed as a class action in New York state court, *see Rodriguez v. It's Just Lunch Int'l*, No. 07-CV-

6

9227, 2018 WL 3733944, at *8 (S.D.N.Y. Aug. 6, 2018), the Court declines to include statutory damages in the amount in controversy, *see Ramirez*, 2017 WL 2062960, at *6 (declining to include liquidated damages in amount-in-controversy calculation where plaintiff did not seek those damages in state-court action).

Defendant contends that the Supreme Court's decision in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010), mandates a different conclusion.  (*See* D's Opp. at 4-9.)  In *Shady Grove*, the Supreme Court considered whether, under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), and its progeny, CPLR § 901(b) precludes a federal court sitting in diversity from entertaining a class action seeking statutory damages that was initially brought in federal court under Federal Rule of Civil Procedure ("FRCP") 23.  *See* 559 U.S. at 396-98.  The majority of the Court held that FRCP 23 preempts CPLR § 901(b) such that the latter does not limit the types of putative class actions that may be brought in federal court.  *See id.* at 398-410; *id.* at 416, 429-36 (Stevens, J., concurring in part and concurring in the judgment).  The Court thus concluded that the plaintiff could initiate and maintain in federal court a class action seeking statutory damages even though the plaintiff could not maintain such an action in New York state court.  *See id.* at 406-10.

Defendant argues that *Shady Grove* applies not only to cases initially filed in federal court but also to cases removed from state court based on diversity jurisdiction, such that the Court may include statutory damages under GBL §§ 349 and 350 in its calculation of the amount in controversy.  (*See* D's Opp. at 6-9.)  But contrary to Defendant's assertion, *Shady Grove* did not address the situation here, where a defendant removes a class action from state court based on damages otherwise barred under state law.  Nor did it discuss, let alone call into question, the well-settled principle, described above, that the amount in controversy is assessed at the time of

7

removal based on state law.  Whether a plaintiff can initiate a diversity class action in federal court that she could not maintain in state court is a distinct question from whether a federal court may consider damages barred under state law in its calculation of the amount in controversy on a motion to remand.

Two courts in this district have considered precisely this question and concluded that *Shady Grove* does not mandate the inclusion of statutory damages under GBL §§ 349 and 350 in the amount in controversy for a class action removed under CAFA.  *See Melendez*, 2025 WL 1220903, at *6; *Ortiz*, 2025 WL 951089, at *3-4.  In *Ortiz*, the plaintiff commenced a putative class action in New York state court, alleging violations of GBL §§ 349 and 350, which the defendant subsequently removed.  *See* 2025 WL 951089, at *1.  To establish CAFA jurisdiction, the defendant relied on a series of cases decided after *Shady Grove* which held that a plaintiff could maintain a class action seeking statutory damages under GBL §§ 349 and 350 pursuant to Rule 23, even though the plaintiff could not seek such damages in state court.  *See id.* at *3 (citing *Famular v. Whirlpool Corp.*, No. 16-CV-944, 2019 WL 1254882, at *11 (S.D.N.Y. Mar. 19, 2019); *Cosgrove v. Or. Chai, Inc.*, 520 F. Supp. 3d 562, 571, 574 (S.D.N.Y. 2021); *Bardsley v. Nonni's Foods LLC*, No. 20-CV-2979, 2023 WL 3570550, at *2, *5 (S.D.N.Y. May 18, 2023)).  The court rejected that argument, differentiating those cases on the ground that they were initially filed in federal, not state, court.  *See id.*  Because "*Shady Grove* did not alter the rule that removability is determined from the record as of the time the petition for removal is filed, which requires the Court to look to the law governing the claims brought in state court," the court determined that the amount in controversy at the time of removal did not include

statutory damages.  *Id.* at *3-4.[2]  The court in *Melendez* found the reasoning in *Ortiz* instructive and similarly concluded that it must exclude statutory damages from the amount in controversy on a motion to remand.  *See* 2025 WL 1220903, at *6.

Here, as in *Ortiz*, Defendant relies primarily on cases initially filed in federal court in support of its argument that *Shady Grove* permits the Court to consider statutory damages in its calculation of the amount in controversy for a class action removed from state court.  (*See* D's Opp. at 5 (citing *Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 502 (E.D.N.Y. 2017); *Famular*, 2019 WL 1254882, at *11; *Guido v. L'Oreal, USA, Inc.*, No. 11-CV-1067, 2013 WL 3353857, at *17 (C.D. Cal. July 1, 2013)).  But for the reasons set forth above and in *Ortiz*, which I find persuasive, those cases do not extend to the circumstance where a defendant removes a case based on damages that the plaintiff could not seek in state court.  As *Melendez* explained, "*Shady Grove* does not have any bearing [on the amount in controversy] as the

---

[2] *Ortiz* also discussed *DiPonzio v. Bank of Am. Corp.*, No. 11-CV-6192, 2011 WL 2693912 (W.D.N.Y. July 11, 2011).  In *DiPonzio*, the court likewise rejected defendants' argument that *Shady Grove* extends to cases removed from state court and concluded that "[b]ecause Plaintiff legally could not claim liquidated damages in the state court in which the case was proceeding, liquidated damages may not be included to calculate whether the amount in controversy satisfied the requirements for removal to federal courts' diversity jurisdiction."  *Id.* at *5.  Defendant argues that *DiPonzio* was incorrectly decided and that this Court should decline to follow it.  (*See* D's Opp. at 9-11.)  First, Defendant contends that *DiPonzio* "ignored *Shady Grove* and relied on cases that predated that Supreme Court decision."  (*Id.* at 10.)  But *DiPonzio* squarely addressed *Shady Grove*, *see* 2011 WL 2693912, at *4-5, and for the reasons set forth in the text, the Court agrees with *DiPonzio* that *Shady Grove* does not impact the calculation of the amount in controversy for cases removed from state court.  Defendant also contends that *DiPonzio* "relied on an unsupported view of the process of removal, holding that a district court should consider the amount in controversy *before* removing to federal court."  (D's Opp. at 10.)  But, as set forth in the text, there is ample support for *DiPonzio*'s conclusion that the amount in controversy is determined at the time of removal based on state law.  That a federal court must apply federal procedural law after an action is removed from state court, (*see id.* (citing *Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 342 F. Supp. 2d 124, 127 (E.D.N.Y. 2004))), has no bearing on what law the court considers in determining whether removal jurisdiction is proper in the first place.

jurisdictional analysis hinges on a question of timing – at the moment this case was pending in state court, prior to its removal, what was the amount in controversy?" 2025 WL 1220903, at *6. "'Because Plaintiff did not (and could not) seek statutory minimum damages . . . in her class action filed in state court,' the Court must exclude Defendant's estimate of . . . statutory damages from the amount in controversy." *Id.* (quoting *Ortiz*, 2025 WL 951089, at *4).[3]

Accordingly, the Court declines to include statutory damages in its calculation of the amount in controversy.

---

[3] Defendant also relies on *Andersen v. Walmart Stores, Inc.*, No. 16-CV-6488, 2017 WL 661188 (W.D.N.Y. Feb. 17, 2017), and *Sedhom v. Pro Custom Solar LLC*, No. 17-CV-7559, 2018 WL 3429907 (E.D.N.Y. July 16, 2018), (*see* D's Opp. at 7-8), neither of which I find persuasive. In *Andersen*, the court held, on a motion to remand, that CAFA jurisdiction was met because plaintiff could recover statutory damages under GBL §§ 349 and 350 in excess of $5 million. *See* 2017 WL 661188, at *6. But it appears that the plaintiff in that case did not raise CPLR § 901(b), and the court did not address it or otherwise explain why it included statutory damages in the amount in controversy in light of that statute. Accordingly, I am not persuaded by *Andersen*'s inclusion of statutory damages in the amount in controversy. *See Ortiz*, 2025 WL 951089, at *4 n.4 (rejecting defendant's reliance on *Andersen* because *Andersen* did not address *Shady Grove* or CPLR § 901(b)).

*Sedhom* is likewise inapposite, as it did not involve a motion to remand. In that case, the plaintiff commenced a putative class action in New York state court seeking unpaid overtime wages and liquidated damages under the New York Labor Law. *See Sedhom*, 2018 WL 3429907, at *1. The defendant removed the action to federal court under CAFA and thereafter moved to dismiss the action on the ground that plaintiff's complaint sought liquidated damages precluded by CPLR § 901(b). *See id.* at *1-2. The court held that, while CPLR § 901(b) would bar such an action in state court, under *Shady Grove*, it does not bar the action in federal court. *See id.* at *2-3. The court therefore declined to dismiss plaintiff's complaint. *See id.* at *4.

*Sedhom* shows that once a class action is in federal court, a plaintiff can, pursuant to *Shady Grove*, maintain a class action seeking statutory damages. *See id.* at *2-4; *see also Melendez*, 2025 WL 1220903, at *6 n.2 ("[I]f removal was otherwise proper and the court had subject matter jurisdiction over a removed state court action, once in federal court, statutory damages would be available as a remedy pursuant to *Shady Grove*."). But *Sedhom* does not address whether a federal court can consider damages otherwise unavailable under state law in determining whether the prerequisites for removal jurisdiction are met. That is the question at issue here and which the Court answers in the negative in light of the analysis set forth in the text. Accordingly, *Sedhom* is inapplicable.

B. <u>**Other Damages**</u>

Excluding statutory damages, Defendant has failed to establish with reasonable probability that the amount in controversy exceeds $5 million.[4] Plaintiff's theory of damages is limited to a price premium theory, under which Plaintiff seeks to recover the amount that she and the putative class members allegedly overpaid for the Product due to Defendant's misrepresentations. (*See* Compl. ¶¶ 117-21.) The parties agree that Defendant sold "more than 100,000 units" of the Product at approximately $3.45 each. (NOR ¶ 13; P's Mem. at 3; ECF No. 13 ("P's Reply") at 1; *see* Compl. ¶ 59.) The price premium would not be the full purchase price, but even if it were, to exceed CAFA's $5 million threshold, Defendant would have needed to sell well over 1,000,000 units of the Product during the limitations period,[5] and there is no indication in the record that that occurred.

Defendant contends that "Plaintiff's request for attorneys' fees and expert fees further increase the amount in controversy." (NOR ¶ 16.) As an initial matter, it is well-settled that attorney's fees "may not properly be included in determining the jurisdictional amount unless they are recoverable as a matter of right." *Givens v. W. T. Grant Co.*, 457 F.2d 612, 614 (2d Cir. 1972), *vacated on other grounds*, 409 U.S. 56 (1972); *see Suarez v. Mosaic Sales Sols. US Operating Co., LLC*, 720 F. App'x 52, 55 (2d Cir. 2018) (summary order); *Kimm v. KCC Trading, Inc.*, 449 F. App'x 85, 85-86 (2d Cir. 2012) (summary order). GBL § 349 provides that "[t]he court *may* award reasonable attorney's fees to a prevailing plaintiff." N.Y. Gen. Bus. L. §

---

[4] In its opposition, Defendant asserts that "[t]he statutory damages mandated under GBL §§ 349 and 350, alone, surpass CAFA's $5 million threshold." (D's Opp. at 2.) Defendant does not argue, nor can it argue based on the analysis set forth in this section, that the damages pleaded in the Complaint exceed CAFA's jurisdictional threshold.

[5] The Court reached this conclusion by dividing $5 million, the jurisdictional threshold, by $3.45, the price per unit, which equals approximately 1,449,275 units.

11

349(h) (emphasis added). Because attorney's fees under GBL § 349 are not recoverable as a matter of right, the Court cannot properly consider them as part of the amount in controversy. *See Davidoff v. United Airlines, Inc.*, No. 25-CV-5527, 2025 WL 2112488, at *2 (S.D.N.Y. July 29, 2025) (collecting cases); *Schwartz v. Hitrons Sols., Inc.*, 397 F. Supp. 3d 357, 367 (S.D.N.Y. 2019); *Porsch v. LLR, Inc.*, No. 18-CV-9312, 2019 WL 3532114, at *3 (S.D.N.Y. Aug. 2, 2019).

In any event, Defendant failed to set forth any competent evidence as to Plaintiff's attorney's fees, much less proof that the potential fees would bridge the substantial gap between Plaintiff's actual damages and the CAFA threshold. *See Burton v. PGT Trucking, Inc.*, No. 16-CV-9985, 2018 WL 2849721, at *3 (S.D.N.Y. June 11, 2018) (declining to consider attorney's fees in amount in controversy where defendants "failed to provide any basis to estimate reasonably the amount of work required for the case, the value of the work, or the likely amount of attorneys' fees"); *Crane Equip. & Servs., Inc. v. B.E.T. Constr., Inc.*, No. 14-CV-175, 2015 WL 471323, at *4-5 (W.D.N.Y. Feb. 4, 2015) (declining to consider attorney's fees in amount in controversy where defendant "d[id] not provide a specific dollar figure for those fees" or otherwise "support its allegation that attorney's fees would push the amount in controversy" beyond the threshold). Accordingly, the Court declines to consider attorney's fees in calculating the amount in controversy. The same applies to Plaintiff's expert fees, of which Defendant has provided no dollar figure or competent proof. *See United Food*, 30 F.3d at 305 ("Where, as here, jurisdictional facts are challenged, the party asserting jurisdiction must support those facts with competent proof and justify its allegations by a preponderance of evidence."); *Ratzker v. Transamerica Fin. Life Ins. Co.*, No. 22-CV-10913, 2023 WL 1993758, at *1 (S.D.N.Y. Feb. 14, 2023) (to the same effect).

Because Defendant has not met its burden of establishing that the amount in controversy exceeds $5 million, the Court lacks jurisdiction over this action.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is GRANTED. The Clerk of Court is respectfully directed to terminate the pending motion, (ECF No. 5), and remand this case to the New York Supreme Court, County of Westchester.

**SO ORDERED.**

Dated: September 8, 2025
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.